# In the United States District Court for the Southern District of Georgia Waycross Division



FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 3:12 pm, Sep 01, 2020

| | |
|---|---|
| DAVID C. CHRISTIAN and SHANNON H. CHRISTIAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE OKEFENOKEE CHARLTON TRUST, W. HAMPTON BEESLEY, as Trustee of the Okefenokee Charlton Trust, AMERICAN MGMT FOUNDATION TRUST, AMERICAN MGMT TRUST d/b/a TAYLOR REPO, AMERICAN MGMT FOUNDATION, WILLIAM GLENN JOHNS, TERRELL SHEEN, PATRICK BROOKS, MARIE SHANELL SMITH, KELLY BROOKS and DOES 1 TO 50,<br><br>    Defendants. | No. 5:19-CV-034 |

## ORDER

This matter is before the Court on Defendant Terrell Sheen's Motion to Set Aside Entry of Default. Dkt. No. 65. The motion has been fully briefed by the relevant parties and is ripe for review. See Dkt. Nos. 76, 94, 101. Also before the Court is Defendant Sheen's Motion to Strike the Unsworn Affidavit of Whitney Jones. Dkt. No. 95. That motion has also been briefed and is ripe for review. Dkt. No. 102. For the reasons below, Defendant Sheen's Motion to Set Aside Entry of Default, dkt. no. 65, is **GRANTED**, and

1

his Motion to Strike the Unsworn Affidavit of Whitney Jones, dkt. no. 95, is **DENIED AS MOOT.**

This case arises out of the attempted foreclosure of 29869 SR 121 Folkston, Georgia 31537 (the "Property") in March 2019. Dkt. No. 43 ¶ 27, 31. Plaintiffs, David and Shannon Christian, purchased the Property from Defendant Johns, via warranty deed, in June 2013. Id. ¶¶ 12-13. The Property is subject to a security deed held by the Okefenokee Charlton Trust. See Dkt. No. 43-1 at 11-14. Plaintiffs allege that Defendant Sheen and Defendant Johns' are business partners who operate over 240 trusts, including those named as defendants in this matter. Dkt. No. 43 ¶ 41. Plaintiffs Original Complaint, filed on May 14, 2019, does not name Sheen as a Defendant, see dkt. no. 1; however, in their Amended Complaint, filed on September 9, 2019, Plaintiffs assert eleven causes of action against him. See Dkt. No. 43 ¶¶ 35-45.

Plaintiffs contend they served Sheen on September 16, 2019, making his answer to Plaintiffs' Amended Complaint due on October 8, 2019. Dkt. No. 62-1. Plaintiffs' filed proof of service on October 7, 2019, one day prior to Defendant Sheen's responsive pleading becoming due. Dkt. No. 61. Sheen did not file a responsive pleading at that time. On October 10, 2019, Plaintiffs moved for the Court to enter default against Sheen. Dkt. No. 62. The Clerk of the Court entered default against Sheen the same day. Dkt. No. 63. Four days later, on October 14, 2019, Sheen moved this Court

2

to set aside his default. Dkt. No. 65. In his motion, Sheen contends that he did not file a responsive motion because he was, in fact, not personally served. Dkt. No. 65 at 3; see also Dkt. No. 65-1 ¶ 4.

The Court may set aside an entry of default judgment for "good cause." Fed. R. Civ. P. 55(c). This standard is mutable and variable; however, it is "not so elastic as to be devoid of substance." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). While "good cause" does not have a precise formula, courts have considered the following factors: (1) whether the default was culpable or willful, (2) whether the defaulting party acted promptly to correct the default, (3) whether setting default aside would prejudice the adversary, (4) whether the defaulting party presents a meritorious defense, and (5) whether there would be significant financial loss to the defaulting party. Id.; see also The Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 243 (2d Cir. 1994); Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984); See, e.g., Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992). Regardless of what factors the court chooses to consider, "the imperative is that they . . . identif[y] circumstances which warrant the finding of 'good cause' to set aside a default." Dierschke, 975 F.2d at 181. "However, if a party willfully defaults by displaying either an intentional or reckless

disregard for the judicial proceedings, the court need make no other findings in denying relief." Compania Interamericana, 88 F.3d at 951-52.

Here, there is good cause to set aside the entry of default against Sheen. First, even if true that Sheen was personally served a summons and complaint and threw both on the ground upon receipt, Sheen also promptly filed a motion to set aside default. Indeed, he filed said motion two business days after the clerk of this court entered default against him. Sheen's actions, when viewed as a totality, do not rise to the level of "intentional or reckless disregard for judicial proceedings" sufficient to demand this court to deny relief in the present case.

Second, opening default will not prejudice the Plaintiffs. Discovery has not begun in this case. Thus, Plaintiffs will have ample opportunity, and indeed the same opportunity, to build their case against Sheen as they do the other Defendants in this matter, should Plaintiffs Amended Complaint survive the four Motions to Dismiss already filed in this case. Indeed, Sheen should have the opportunity to also file a Motion to Dismiss in this case, as he has already indicated he will.

Notably, Sheen argues that he will raise the same defenses as the other Defendants in this case, namely that Plaintiffs' Amended Complaint is a shotgun pleading that fails to abide by Federal Rules of Civil Procedure 8(a) and 10(b), does not comply with the

4

heightened pleading standards for fraud and RICO claims under Rule 9(b), and otherwise fails to state a claim upon which relief can be granted under Rule 12(b)(6). Such defenses, in this case, hold some merit and should be given the opportunity to be heard by this Court. This is particularly true in the instant case wherein Plaintiffs' Amended Complaint alleges at least eleven different causes of action and seeks to recover $750,000.00 in damages (plus punitives) against eleven named defendants and 50 "Doe" defendants.[1]

Accordingly, the Court **GRANTS** Sheen's Motion to Set Aside Default. Dkt. No. 65. Having ruled on Defendant Sheen's Motion to Set Aside Default, his Motion to Strike the Unsworn Affidavit of Whitney Jones, dkt. no. 95, is **DENIED AS MOOT**. The Clerk is directed to **OPEN DEFAULT.**

**SO ORDERED**, this 1st day of September, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] This is particularly true as Plaintiffs have made clear they are not entirely sure which Defendants took which actions that give rise to their various claims and hope that discovery will clarify those factual gaps for them. See Dkt. No. 53 at 3.