FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 11:55 am, Sep 02, 2020

# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| DAVID C. CHRISTIAN and SHANNON H. CHRISTIAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE OKEFENOKEE CHARLTON TRUST, W. HAMPTON BEESLEY, as Trustee of the Okefenokee Charlton Trust, AMERICAN MGMT FOUNDATION TRUST, AMERICAN MGMT TRUST d/b/a TAYLOR REPO, AMERICAN MGMT FOUNDATION, WILLIAM GLENN JOHNS, TERRELL SHEEN, PATRICK BROOKS, MARIE SHANELL SMITH, KELLY BROOKS and DOES 1 TO 50,<br><br>    Defendants. | No. 5:19-CV-034 |

## ORDER

There are several motions before the Court in this matter. First, there are four motions to dismiss Plaintiffs Amended Complaint, dkt. no. 43.[1] Those motions include: (1) Defendants Okefenokee Charlton Trust ("Okefenokee"), W. Hampton Beesley, as Trustee of the Okefenokee Charlton Trust, and American MGMT Foundation Trust's Motion to Dismiss, dkt. no. 46, (2) Defendants William Glenn Johns, Marie Shanell Smith, and American MGMT Trust

---

[1] Plaintiffs are proceeding *pro se*. As such, the Court will construe the Amended Complaint more liberally than one drafted by a lawyer. See Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998).

d/b/a Taylor Repo's Motion to Dismiss, dkt. no. 51, (3) Defendant Kelly Brooks' Motion to Dismiss, dkt. no. 67, and (4) Defendant Patrick Brooks' Motion to Dismiss, dkt. no. 75. Each of these motions is fully briefed and ripe for review. See Dkt. Nos. 53, 74, 88, 103, 109, 113 (Trust Defendants' Motion); Dkt. Nos. 77, 86 (Individual Defendants' Motion); Dkt. Nos. 78, 93, 100 (K. Brooks' Motion); Dkt. Nos. 87, 98, 104 (P. Brooks' Motion). In addition, Plaintiffs have filed a Motion to Deposit, dkt. no. 85, and a Motion for Leave to Serve a Third Party Subpoena, dkt. no. 171. These motions are also fully briefed and ripe for review. See Dkt. Nos. 91, 96, 99, 105, 108, 112 (Motion to Deposit); Dkt. Nos. 172, 173 (Motion to Leave).

For the following reasons, Plaintiffs' federal causes of action are **DISMISSED WITH PREJUDICE** and Plaintiffs' remaining state causes of action are **DISMISSED WITHOUT PREJUDICE**. Any remaining motions are **DENIED as moot**.

## FACTUAL BACKGROUND

This case arises out of the attempted foreclosure of 29869 SR 121 Folkston, Georgia 31537 (the "Property"). Dkt. No. 43 ¶ 27. Plaintiffs, David and Shannon Christian, purchased the Property from Defendant Johns, via warranty deed, in June 2013. Id. ¶¶ 12-13. The Property is subject to a security deed held by Okefenokee. See Dkt. No. 43-1 at 11-14. In March 2019, Okefenokee attempted to

foreclose on the Property after Plaintiffs purportedly failed to timely pay the Property's property taxes. Id. ¶¶ 27, 31.

As far as the Court can discern, Plaintiffs allege that after years of alleged misdeeds and misrepresentations by the various Defendants about the Property, Defendant Johns—through his attorney (Defendant P. Brooks), his bookkeeper (Defendant Smith), and the remaining Defendants—attempted to foreclose on the Property in a concerted effort to pressure Plaintiffs to renegotiate two "lease-to-own" property agreements Plaintiffs have with Defendant Johns (or his various trusts). Id. ¶¶ 16, 26, 27, 28, 29.[2]

Based on these facts, Plaintiffs allege eleven causes of action. Each are alleged against all Defendants. The causes of action are (1) violation of Georgia and Federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, dkt. no. 43 ¶ 35, (2) violation of the Federal Debt Collection Protection Act ("FDCPA"), id. ¶ 36, (3) "defective foreclosure closing disclosure," id. ¶ 37, (4) violation of the Deceptive Trade Practices Act ("DTPA"), id. ¶ 38, (5) "blackmail/extortion," id.

---

[2] Additionally, Plaintiffs allege: (1) Defendant Johns misrepresented the quality of their mobile home and utilities available to them during the sale process, dkt. no. 43 ¶¶ 14, 22; (2) Defendant K. Brooks misrepresented, forged, and failed to timely file various documents related to the closing of the Property, including the deed, warranty deed, and title insurance, id. ¶¶ 14, 17; and (3) Defendant Johns (or his agents) misrepresented the amount of debt owed under the security deed and insisted Plaintiffs make their monthly payments to various other entities apart from the entity listed on their Security Deed, id. ¶¶ 15, 18, 31.

¶ 39, (6) fraud, <u>id.</u> ¶ 40, (7) civil conspiracy (to commit fraud), <u>id.</u> ¶ 41, (8) intentional infliction of emotional distress, <u>id.</u> ¶ 42, (9) nuisance,[3] <u>id.</u> ¶ 43, (10) perjury, <u>id.</u> ¶ 44, and (11) violations of Georgia's Residential Mortgage Act, <u>id.</u> ¶ 45.

## PROCEDURAL BACKGROUND

Plaintiffs commenced this action by filing a six-page form Complaint against three Defendants (Okefenokee, Beesley, and American MGMT) asserting claims for RICO Violations, mail fraud, blackmail, and violations of the Fair Debt Collection Practices Act and the Truth in Lending Act. Dkt. No. 1 at 3. Defendants then moved to dismiss, or in the alternative, for a more definite statement. <u>See</u> Dkt. No. 13. On August 13, 2019, the Court denied the then-Defendants' motion to dismiss but granted their motion for a more definite statement (the "Repleading Order"). Dkt. no. 32. Therein, the Court provided Plaintiffs with an opportunity to file an amended complaint within 14 days of the Order. <u>Id.</u> at 6.

In response, Plaintiffs filed their Amended Complaint. Dkt. No. 43. Therein, Plaintiffs added six claims and seven Defendants, bringing a total of eleven claims against ten Defendants (as outlined above). Plaintiffs also filed a fifteen page Local Rule 9.1 RICO Statement ("RICO Statement"). While Defendants' respective motions to dismiss were pending, Plaintiffs filed a

---

[3] Plaintiffs' actual claim is for "unlawful interference with property rights;" however, as described in the Complaint, this cause of action is most cognizable as a nuisance claim and the Court will construe it as such. <u>See</u> <u>id.</u>

motion for leave to file a second amended complaint, followed by an amended motion for leave to file a second amended complaint. Dkt. Nos. 114, 120 (respectively). The Court denied both motions because Plaintiffs failed to describe "their proposed amendments in any way that allows the court to determine whether an amendment would be in the interest of justice [or] consistent with the Federal Rules" and did not attach a proposed second amended complaint for the Court to review. Dkt. No. 128 at 3.

After the Court denied Plaintiffs' motions, Plaintiffs renewed their motion for leave to file a second amended complaint, dkt. no. 132, to which they attached a Second Amended Complaint, dkt. no. 132-1, that they later "finalized," see dkt. no. 175-1 ("Completed Second Amended Complaint"). On August 13, 2020, the Magistrate Judge denied Plaintiffs' Renewed Motion, explaining Plaintiffs' Completed Second Amended Complaint's "rel[iance] upon vague and conclusory allegations of wrongdoing[] coupled with a sprawling and disconnected narrative" violated the Federal Rules of Civil Procedure and the rule against shotgun pleadings. Dkt. No. 182 at 13.

## LEGAL STANDARD

A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including the ability to dismiss complaints that do not comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Vibe Micro, Inc. v.

*Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Under Rule 8(a)(2), a complaint must include a short and plain statement of the case that fairly notifies defendants of the legal claims against them, along with the supporting factual basis for each claim. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 10(b) provides:

> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . .

Fed. R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. Shotgun pleadings "fail to one degree or another, in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The Eleventh Circuit has expressed little tolerance for such pleadings because they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro*, 878 F.3d at 1295.

## DISCUSSION

### I.   Plaintiffs' Amended Complaint is a Shotgun Pleading.

The Court, after reviewing Plaintiffs' Amended Complaint, dkt. no. 43, finds that it is a shotgun pleading, and as such, the Court does not reach all of the merits of Defendants' challenges to the Amended Complaint in their respective Motions to Dismiss. The Court dismisses Plaintiffs' Amended Complaint under its inherent authority to control its docket.[4]

The Eleventh Circuit has identified four general types of shotgun pleadings: (1) those containing numerous causes of action adopting the allegations of all proceeding counts; (2) those "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate causes of action into separate counts; and (4) those that assert multiple claims against multiple defendants while failing to specify which defendants are responsible for which acts or omissions. Weiland, 792 F.3d at 1320. Plaintiffs' Amended Complaint commits three of these sins, the combination of which precludes Defendants from receiving "adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. Accordingly, Plaintiffs' Amended Complaint is due to be dismissed on shotgun pleading grounds.

---

[4] The Defendants' respective briefings also argue Plaintiffs' Amended Complaint is a shotgun pleading. Dkt. Nos. 46 at 3-6, 51 at 2-3 (by reference), 67 at 4–7, 98 at 1–2 (by reference).

First, the Amended Complaint alleges "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. While incorporating preceding paragraphs is not always frowned upon, the Eleventh Circuit forbids plaintiffs from rolling specific allegations made in one count into successive counts because it leads to a situation "where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Id. Here, Plaintiffs began each count with either "Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, as if fully set forth herein," dkt. no. 43 ¶¶ 35, 37, 38, 40-45, or "The allegations in each of the above paragraphs are incorporated by reference herein," id. ¶¶ 36, 39.

Second, while Plaintiffs assert eleven different "causes of action" in eleven different counts, at least three of those counts allege more claims than those stated in the heading. For example, in Plaintiffs' first claim, "Violation of Georgia RICO Act and Federal RICO Statutes for Mortgage Fraud," id. ¶ 35, itself three-claims-in-one, Plaintiffs allege another five new claims: negligent misrepresentation, theft by taking, theft by deception, mail fraud, and wire fraud (with the latter four being the predicate offenses for their Georgia and Federal RICO claims).

See Dkt. No. 43 ¶ 35.[5] Likewise, under Plaintiffs' "Defective Foreclosure Closing Disclosure" claim, apparently based on the Georgia Residential Mortgage Act (citing to O.C.G.A. § 7-1-1014(3)), Plaintiffs also assert what appear to be contract claims, requesting this Court find certain provisions of their Deed of Trust "unconscionable and unenforceable" under both Georgia and Federal law. Id. ¶ 37. Similarly, Plaintiffs make a general cause of action for fraud; however, within that general claim they allege—rather conclusively—specific types of fraud, including wire fraud, mail fraud, and bank fraud, along with violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act of 1974, and the Consumer Credit Protection Act. Id. ¶ 40.

Finally, the Amended Complaint alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323. Indeed, Plaintiffs allege every claim against every

---

[5] Plaintiffs' RICO Statement is unhelpful in navigating this claim because instead of stating specifically what actions Defendants took that give rise to Plaintiffs' state and federal RICO claims, Plaintiffs instead present conclusory allegations that each Defendant committed various predicate offenses (many of which are not also alleged in the Amended Complaint), recount extraneous facts unrelated to their RICO claims, and generally fail to clearly connect what facts they do allege to their RICO claims, particularly as they relate to mortgage fraud. See generally Dkt. No. 44. More concisely, Plaintiffs' RICO statement is unhelpful to the Defendants (and the Court) because it does not comply with the specificity requirements of Federal Rule of Civil Procedure 9(b) and Local Rule 9.1.

Defendant because, as they admit, they lack the information necessary to differentiate the various Defendants and the acts they took (an issue they hoped to resolve through discovery). <u>See</u> Dkt. No. 53 at 3. This choice in pleading style is particularly troubling in the instant case because Plaintiffs pled fraud and RICO claims. Fraud and RICO claims must comply with the specificity requirements of Federal Rule of Civil Procedure 9(b) so that Defendants are alerted to "the precise misconduct with which they are charged and protect[ed] . . . against spurious charges of immoral and fraudulent behavior." <u>U.S. ex rel. Clausen v. Lab. Corp. of Am.</u>, 290 F.3d 1301, 1310 (11th Cir. 2002) (citations omitted).

The unity of these three shortcomings in Plaintiffs' Amended Complaint is its downfall. The reincorporation of every count into the next, the multiple claims within one single count, and the Plaintiffs' decision to allege all claims against every Defendant without distinction make it impossible for Defendants to have "adequate notice of the claims against them and the grounds upon which each claim rests." <u>Weiland</u>, 792 F.3d at 1323. As such, Plaintiffs' Amended Complaint violates Rule 8(a) and Rule 10(b). It is a shotgun pleading and due to be dismissed.

## II.  Plaintiffs Will Not Receive A Fourth Opportunity to Amend Their Complaint.

The Court is sympathetic to Plaintiffs' position. They are proceeding *pro se*, which is, in part, why they received multiple chances, additional time, and detailed instructions to assist them in submitting a complaint and RICO Statement that would comply with the Federal Rules of Civil Procedure and the Local Rules. There may, indeed, be a viable claim buried somewhere within one of the attempts; however, as presented they are not cognizable by the Court because they are not properly pled. Courts are not "de facto counsel" for *pro se* litigants and cannot "rewrite an otherwise deficient pleading" to sustain an action that is not properly pled. GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

Typically, when a plaintiff presents the Court with a shotgun pleading, the Court gives the plaintiff an opportunity to amend their complaint so that it complies with the Federal Rules of Civil Procedure. See Vibe Micro, 878 F.3d at 1296 ("When a litigant files a shotgun pleading . . . a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."). In so doing, the court's repleading order must "explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." Id. If, after doing so, the plaintiff

fails to file a compliant pleading, then the district court may dismiss the plaintiff's federal causes of action with prejudice and its state causes of action without prejudice. Id. at 1296-97 (citing Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999)).

Here, the Court afforded such procedural protections to the Plaintiffs and then some. First, instead of dismissing Plaintiffs' Complaint, dkt. no. 1, the Court issued an Order denying the original Defendants' motion to dismiss, granting their motion for a more definite statement, and providing Plaintiffs with the opportunity to file an amended complaint (the "Repleading Order"). See Dkt. No. 32. In the Repleading Order, the Court informed Plaintiffs that their amended complaint needs to comply with Rule 8(a) and 10(b), id. at 1-2, 3, and must present each claim with "such clarity and precision that [each] defendant will be able to discern what the plaintiff is claiming and [be able] to frame a responsive pleading," id. at 3 (quoting Anderson v. Dist. Bd. of Trs. Of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)). Moreover, the Court pointed out Plaintiffs' Complaint failed to "connect their factual allegations to violations of specific provisions of the statutes," was "devoid of specific allegations with respect to each defendant, [did] not identify which Defendants[] undertook what acts . . . and [did] not identify [any] specific agreement[s]" at issue. Id. at 5.

Regarding Plaintiffs' attempt to allege fraud and RICO violations, the Court instructed Plaintiffs to "state with particularity the circumstances constituting fraud or mistake," noting the Eleventh Circuit has interpreted Rule 9(b) to require parties alleging RICO claims to "allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." Id. at 5 (quoting Fed. R. Civ. P. 9 and citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007)). The Court then ensured Plaintiffs were aware that under Southern District of Georgia Local Rule 9.1, Plaintiffs must also file a RICO statement summarizing the basis of their claim within 14 days of filing suit. Dkt. No. 32 at 5. The Court concluded the Repleading Order by warning Plaintiffs that "failure to adequately plead causes of action . . . can result in dismissal." Id. at 6.

In response, Plaintiffs filed their Amended Complaint, which, as noted, was in some ways worse than the original. Dkt. No. 43. Plaintiffs also filed a RICO Statement, which, as discussed above, did not comply with the specificity requirements of both Federal Rule 9(b) and Local Rule 9.1. See Dkt. No. 44. Then, while the new round of Defendants' respective motions to dismiss were pending, Plaintiffs filed a motion for leave to file a second amended

complaint, followed by an amended motion for leave to file a second amended complaint. Dkt. Nos. 114, 120 (respectively). The Court denied both motions on procedural and substantive grounds. Dkt. No. 128 at 3. Afterwards, Plaintiffs renewed their motion for leave to file a second amended complaint, dkt. no. 132, to which they attached a Second Amended Complaint, dkt. no. 132-1, that they later updated, see dkt. no. 175-1 ("Completed Second Amended Complaint"). On August 13, 2020, the Magistrate Judge denied Plaintiffs' motion after reviewing Plaintiffs' Completed Second Amended Complaint, finding that attempt at a successful complaint was also a shotgun pleading. Dkt. No. 182 at 13. In summary, despite clear warnings of deficiencies, Plaintiffs' attempts only worsened. See Dkt. No. 182 at 3 (discussing the proposed Completed Second Amended Complaint which added new Defendants and ballooned to include 105 exhibits, totaling 343 pages).

At this stage, Plaintiffs have tried to plead their various causes of actions against an ever-growing number of Defendants three times—four, when counting the two most recent proposed second amended complaints, separately. As stated by Plaintiffs, each attempt sought, in part, to rectify "the 'shot gun' pleading claims [and] clarify which Defendant is being accused of which claims." Dkt. no. 120 at 7; Dkt. No. 132 at 9; see also Dkt. No. 114 at 2 (seeking to "clarify the existing causes of actions [sic] against Defendants"). Despite Plaintiffs efforts, and despite the Court

14

providing them with instructions on how to do so, multiple opportunities to do so, and a warning about the consequence of failing to do so, Plaintiffs have not put together a complaint (and accompanying RICO statement) that complies, as it must, with Federal Rules of Civil Procedure 8(a)(2), 9(b), 10(b), and Local Rule 9.1. In this particular case, providing Plaintiffs with another opportunity to correct the deficiencies the Amended Complaint would be unwarranted and futile. As Plaintiffs have stated, they intend to utilize discovery to figure out certain specific details of who should be sued for what, a practice which inverts the sequence called for by the Federal Rules of Civil Procedure.[6] Therefore, dismissal of Plaintiffs' Amended Complaint is warranted.

## CONCLUSION

Plaintiffs' Amended Complaint, dkt. no. 43, is **DISMISSED.** The federal causes of action are **dismissed with prejudice.** The state causes of action are **dismissed without prejudice.** All remaining motions are **DENIED AS MOOT.** The Clerk is **DIRECTED** to close this case.

---

[6] Plaintiffs themselves viewed their Second Amended Complaint as a placeholder they intended to modify as new information developed. Dkt. No. 132 at 2, 3. Indeed, Plaintiffs' Completed Second Amended Complaint grew larger still, asserting 16 claims against 62 defendants (twelve by name, fifty as "Doe" defendants).

**SO ORDERED**, this 2nd day of September, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA